**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
_____

MICHAEL F. CHAVEZ,

      Petitioner - Appellant,

v.

GERMAN FRANCO, Warden; STATE OF
NEW MEXICO,

      Respondents - Appellees.

No. 19-2094
(D.C. No. 1:17-CV-00871-KG-KRS)
(D. N. Mex.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Petitioner Michael Chavez, a New Mexico state prisoner serving two
concurrent life sentences, requests a certificate of appealability (COA) so that he may
appeal the district court's denial of his petition for writ of habeas corpus pursuant to
28 U.S.C. § 2254.  We deny Chavez's request for a COA and dismiss this matter.

I

*a) Chavez's convictions and sentence*

In 2010, Chavez was charged in New Mexico state district court with
attempted armed robbery, conspiracy to commit armed robbery, shooting at or from a

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motor vehicle, and two counts of felony murder. In August 2011, Chavez entered a plea of no contest to the two felony murder counts and, in exchange, the prosecution dismissed the remaining charges. In October 2011, Chavez was sentenced to two concurrent terms of life imprisonment. Chavez did not file a direct appeal.

*b) The state habeas proceedings*

In April 2012, Chavez filed a pro se petition for writ of habeas corpus in New Mexico state district court. In that petition, Chavez argued that (1) his plea was unlawfully induced and involuntary, (2) he was the victim of an unconstitutional search and seizure, (3) he was subjected to police questioning after he invoked his right to remain silent, and (4) his trial counsel was ineffective in a number of respects. The state district court appointed counsel to represent Chavez. Appointed counsel filed an amended habeas petition asserting additional allegations of ineffective assistance of trial counsel. The state district court held an evidentiary hearing at which both Chavez and his trial counsel testified. Following the hearing, the state district court denied Chavez's habeas petition. Appointed counsel filed a petition for writ of certiorari with the New Mexico Supreme Court, presenting a single issue for review, i.e., whether Chavez received ineffective assistance of counsel when he was not fully apprised of the terms and conditions of the sentence contemplated by his plea agreement. The New Mexico Supreme Court denied the petition in February 2015.

*c) The initial federal habeas proceedings*

In August 2015, Chavez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of New Mexico. In January 2016, the district court issued proposed findings and a recommended disposition concluding that the petition contained one exhausted claim and three unexhausted claims and recommending that the petition be dismissed in its entirety, without prejudice, in order to allow Chavez to exhaust all of his claims in the New Mexico state courts. Chavez objected to that proposal and asked that the district court either stay the action to allow him to exhaust the three unexhausted claims or, alternatively, to evaluate the merits of the one exhausted claim and allow him to voluntarily dismiss the three unexhausted claims. In February 2016, the district court issued an order granting Chavez's request to voluntarily dismiss the three unexhausted claims and addressing on the merits the single exhausted claim. As to the exhausted claim, the district court concluded that Chavez's trial counsel was not ineffective for failing to explain to Chavez, at the time of plea negotiations, the implications of a life sentence. The district court thus denied federal habeas relief as to that claim.

*d) Chavez's efforts to exhaust his unexhausted claims*

In April 2016, Chavez filed a pro se motion in state district court seeking permission "to reargue claims already presented and present newly discovered claims." ECF No. 15, Att. 2, Exh. J at 1. There is no indication in the record that this motion was ever ruled on.

3

In May 2016, Chavez filed a pro se petition for writ of habeas corpus in state district court asserting six claims for relief: (1) "involuntary plea"; (2) "illegal search and seizure [sic]"; (3) "involutary [sic] confession"; (4) ineffective assistanc [sic] of councle [sic] pretrial [sic] & postconviction"; (5) "judical [sic] bias"; and (6) "[t]he improper admission of evidence." ECF No. 15, Att. 2, Exh. K at 2–3. Shortly after Chavez filed his petition, the state district court issued an order summarily dismissing the petition. In its order, the state district court noted that Chavez's "petition raise[d] only one substantive claim: that [Chavez's] post-conviction counsel was ineffective for failing to properly investigate [Chavez's] mental health issues as they may have affected the validity of his plea." ECF No. 15, Att. 2, Exh. L at 1. The state district court in turn noted that "[t]he validity of the plea was established at the time of the plea and again during prior post-conviction proceedings, including an evidentiary hearing." *Id.* The state district court concluded that Chavez's "argument that further investigation would have changed the result of his prior challenges [wa]s not supported by any evidence in the record." *Id.*

Chavez filed a petition for writ of certiorari with the New Mexico Supreme Court asserting the "same arguments/claim[s]" presented to the state district court in his May 2016 habeas petition. ECF No. 15, Att. 4, Exh. M at 5. The New Mexico Supreme Court denied the petition for writ of certiorari in July 2017.

e) *The current federal habeas proceedings*

Chavez initiated these proceedings by filing a pro se petition for writ of habeas corpus on August 23, 2017. ROA, Vol. 1 at 4. The petition asserted six grounds for

4

relief: (1) involuntary plea; (2) illegal search and seizure; (3) involuntary confession; (4) ineffective assistance of trial and postconviction counsel; (5) judicial bias; and (6) improper admission of custodial statements.

Respondents filed an answer asserting that the petition was "time-barred and [that] neither statutory nor equitable tolling [wa]s proper." *Id.* at 61. Chavez filed a reply conceding that his habeas petition was time-barred, but arguing that he was entitled to equitable tolling because he had diligently pursued his rights. *Id.* at 410–11.

On January 4, 2019, the magistrate judge assigned to the case issued proposed findings and a recommended disposition. The magistrate judge noted at the outset that "the sole issue [wa]s whether the doctrine of equitable tolling save[d] Chavez's concededly untimely petition." *Id.* at 417. After briefly reviewing the requirements for equitable tolling, the magistrate judge noted that, "[a]t bottom, Chavez blame[d] his state post-conviction attorney for failing to present all grounds for collateral relief to the New Mexico Supreme Court." *Id.* at 418. The magistrate noted, however, that "[a]lthough 'serious misconduct' by post-conviction counsel may constitute an extraordinary circumstance beyond a habeas petitioner's control, a 'garden variety claim of excusable neglect' by the attorney does not satisfy the rare-and-exceptional circumstance standard for [equitable] tolling." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The magistrate judge ultimately concluded that Chavez failed to allege and establish "specific facts showing more than mere attorney negligence." *Id.* In particular, the magistrate judge noted that, "[w]ithout details, [it was] left to

5

speculate what communication Chavez had with his attorney and what direction, if any, Chavez gave to post-conviction counsel." *Id.* The magistrate judge therefore recommended that Chavez's petition be dismissed with prejudice as untimely.

Chavez filed written objections to the magistrate judge's recommendation. He argued that "[t]he neglegence [sic] on the part of [his state post-conviction] attorney, by not protecting an [sic] assuring all possible aveneas [sic] of relief [wa]s not 'a garden variety claim of excusable neglegence [sic].'" *Id.* at 421. But he offered no other details regarding his interactions with his state post-conviction counsel.

On June 4, 2019, the district court issued a memorandum opinion and order rejecting Chavez's objections and adopting the magistrate judge's findings and recommended disposition. *Id.* at 433. The district court noted that, under Tenth Circuit law, "'sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the [Antiterrorism and Effective Death Penalty Act (AEDPA)] limitations period.'" *Id.* at 435 (quoting *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007)). But, the district court concluded, "Chavez provided no additional information in his Objections that would allow the Court to conclude that [he] experienced 'exceptional circumstances.'" *Id.* Instead, the district court concluded, "[p]ost-conviction counsel's failure to exhaust all available claims during the applicable period constitute[d] mere negligence." *Id.* The district court also concluded that, "[e]ven if [it] were to find that equitable tolling applie[d], Chavez's Objections [we]re self-defeating." *Id.* In particular, the district court noted that Chavez asserted in his objections that "'[a]ll claims presented [in this habeas

6

petition] [we]re tied together by the ineffectiveness of [his trial] attorney.'" But, the district court noted, it previously addressed and rejected "his ineffective assistance of trial counsel claim" in the first federal habeas proceedings. Because "Chavez's ineffective assistance of trial counsel claim[] was rejected on the merits," the district court concluded that Chavez could "not relitigate that issue in a second petition." *Id.* at 436. The district court therefore denied Chavez's petition and denied him a COA.

Chavez filed a timely notice of appeal. He has since filed a combined opening brief and application for COA with this court.

## II

We may issue a COA only if Chavez makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a

> district court denies a habeas petition on procedural grounds without
> reaching the prisoner's underlying constitutional claim[s], a COA
> should issue when the prisoner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the
> denial of a constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under AEDPA, a prisoner seeking federal habeas relief pursuant to § 2254 must apply for a writ of habeas corpus within one year from the latest of

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States
> is removed, if the applicant was prevented from filing by such State
> action;

7

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). The district court determined, and Chavez does not dispute, that he failed to satisfy this time limitation when he filed his current federal habeas petition.

As noted, the sole issue before the district court was whether Chavez qualified for equitable tolling of the statute of limitations. To qualify for equitable tolling, Chavez was required to demonstrate that he was reasonably diligent in pursuing his federal habeas claims and that extraordinary circumstances beyond his control prevented him from timely filing his federal habeas petition. *See Holland*, 560 U.S. at 653; *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Attorney negligence will warrant equitable tolling only in "extraordinary instance[s]" when the conduct constitutes "far more than 'garden variety' or 'excusable neglect.'" *Holland*, 560 U.S. at 652. Chavez bore the burden of demonstrating that equitable tolling was appropriate. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Respondents did not dispute Chavez's reasonable diligence in pursuing his claims. That left only the question of whether any extraordinary circumstances justified equitable tolling. Although Chavez alleged that his state post-conviction

8

counsel was ineffective for failing to assert all of the claims in a timely fashion in the New Mexico state courts, the district court concluded that Chavez offered few, if any, details to support his claim and that, consequently, he had failed to establish that the alleged negligence on the part of his state post-conviction counsel constituted "far more than 'garden variety' or 'excusable neglect.'" *Holland*, 560 U.S. at 652.

After examining Chavez's appellate pleadings and the record on appeal, nothing persuades us that jurists of reason would find it debatable whether the district court was correct in this procedural ruling. We therefore conclude that Chavez has failed to make the necessary showing for the issuance of a COA.

Chavez's request for COA is DENIED, his motion for leave to proceed on appeal in forma pauperis is DENIED, and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge